**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-               **MEMORANDUM OF
DECISION AND ORDER**

JOHN KAISER,                      09-CR-257 (ADS)

        Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**Loretta E. Lynch
United States Attorney for the Eastern District of New York**
*Attorneys for the Government*
610 Federal Plaza
Central Islip, NY 11722
   By:  Allen Lee Bode, Assistant United States Attorney
         Kathleen Anne Nandan, Assistant United States Attorney

**John Kaiser**
*Defendant* Pro Se
72279-053
Federal Correctional Institution – Fort Dix
PO Box 2000
Fort Dix, NJ 08640

**Law Office of Kevin J. Keating**
*Attorneys for the Defendant*
666 Old Country Road
Garden City, NY 11530
   By:  Kevin James Keating, Esq., Of Counsel

**SPATT, District Judge.**

      Presently before the Court is a motion and an amended motion, filed by the Defendant pro se, to attach certain documents to the Defendant's presentence report that had not previously been included. For the reasons that follow, the Court denies the Defendant's motions.

## I. BACKGROUND

On March 25, 2009, the Defendant John Kaiser (the "Defendant") was arrested and charged with violating 18 U.S.C. §2252(a)(2), Receipt of Child Pornography, a Class C Felony. On that same date, March 25, 2009, the Defendant appeared with CJA-appointed counsel before United States Magistrate Judge A. Kathleen Tomlinson, at which time he was arraigned. The Petitioner was released on a $400,000 secured bond with special conditions, which included home detention with electronic monitoring

About one month later, on April 23, 2009, the Government filed an eight-count Indictment, charging the Defendant with receiving child pornography and being in possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), 2252(a)(4)(B), 2252(b)(1) and 3352 et seq. Subsequently, on April 30, 2009, the Defendant was arraigned on the Indictment and entered a plea of not guilty.

On June 14, 2010, the Defendant pled guilty before the Court to Count One of the Indictment. Count One charged that on August 8, 2005, the Defendant received child pornography in violation of 18 U.S.C. § 2252(a). Thereafter, on September 9, 2011, the Defendant was sentenced in connection with his guilty plea on Count One. The Court sentenced the Defendant to seventy-two months. The Court directed that the Defendant was to receive credit for time already served, if any, to be followed by five years of supervised release. In addition, upon the Government's motion, the Court dismissed the remaining seven counts in the Indictment. The Defendant was remanded to the custody of the United States Marshal.

On February 17, 2012, the Defendant, pro se, filed a motion to attach certain omitted documents to the Defendant's presentence report pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 36. Specifically, the Defendant asked that the following documents be

attached to the presentence report: (1) Dr. Kruegor's original report; (2) Dr. Martinez's original report; (3) Dr. Kruegor's curriculum vitae; (4) Dr. Martinez's curriculum vitae; (5) Dr. Kruegor's rebuttal of Dr. DeSantis's Report; (6) Dr. Martinez's rebuttal of Dr. DeSantis's report; (7) Dr. DeSantis's curriculum vitae; and (8) a confirmation that Dr. DeSantis's evaluation was her first one for the Government as an independent contractor. According to the Defendant, without these documents, a person reviewing the presentence report may develop a biased or prejudiced view toward him.

On October 28, 2013, the Defendant, pro se, filed an amended motion, also seeking to amend and include certain documents to the Defendant's presentence report pursuant to Fed. R. Crim. P. 36, as well as Fed. R. Crim. P. 32. In his amended motion, the Defendant restated that he was requesting the following seven documents be added to his presentence report: (1) Dr. Kruegor's original report; (2) Dr. Martinez's original report; (3) Dr. Kruegor's curriculum vitae; (4) Dr. Martinez's curriculum vitae; (5) Dr. Kruegor's rebuttal of Dr. DeSantis's Report; (6) Dr. Martinez's rebuttal of Dr. DeSantis's report; and (7) Dr. DeSantis's curriculum vitae.

However, the Defendant's amended motion modified the eighth and last document that the Defendant had included in his February 17, 2012 motion. In this regard, instead of seeking a confirmation that Dr. DeSantis's evaluation was her first one for the Government as an independent contractor, the Defendant instead asked that the United States Probation Department provide a statement which noted (1) the degree of Dr. DeSantis's experience in conducting assessments of sexual offenders; (2) whether Dr. DeSantis specializes in the treatment of sexual offenders; (3) whether Dr. DeSantis was a member of the National Association for the Treatment of Sexual Abusers; and (4) whether the assessment of the Defendant represented the first time

that the Probation Department had utilized Dr. DeSantis as a n independent contractor for this purpose.

As he did in his initial motion, the Defendant argued in his October 28, 2013 motion that the addition of these omitted documents was necessary so that those who would have access to the presentence report, such as judges, law enforcement agents, and employers, would have a fuller understanding of his background and would not develop prejudices or biases against him.

In separate letters dated February 4, 2014, the Court asked counsel for the Government and counsel for the Defendant whether they (1) had received a copy of either one or both of the Defendant's pro se motion and (2) intended to submit a response. On February 5, 2014, the Defendant's counsel notified the Court that he had not received either motion by the Defendant, pro se, and that he would not be able to determine whether he intended to submit a response until he read his client's submissions. The Government provided no response.

In reply to the February 5, 2014 letter by the Defendant's attorney, the Court sent copies of the Defendant's February 17, 2012 motion to both the Defendant's counsel and to the Government's attorneys. The Court advised that it was unable to provide the Government or defense counsel with the October 28, 2013 motion as the Court was not in possession of it.

On February 11, 2014, the Defendant's counsel filed a letter asserting that the Court should grant the Defendant's request to add the first seven documents that were listed in his initial motion. The Defendant's counsel explained that he had previously requested that the first seven documents be included in the presentence report, but they were never incorporated into the presentence report. However, the Defendant's counsel noted that the Court should deny the Defendant's request that the presentence report be amended to include a confirmation that Dr. DeSantis's evaluation was her first one for the Government as an independent contractor. The

Defendant's counsel explained that it would be inappropriate for the Court to grant this request, since Fed. R. Crim. P. 36 only permits adding relevant documentary material to the presentence report. Again, the Government provided no response.

On April 11, 2014, the Court sent separate letters to the Government and the Defendant's counsel advising them that the Court had recently come into possession of the Defendants' October 28, 2013 amended motion. The Court provided both the Government and the Defendant's counsel with a copy of the October 28, 2013 amended motion. In the Court's letter to the Government, the Court directed the Government to notify the Court on or before April 21, 2014 as to whether the Government would be responding to the February 17, 2012 motion and/or the October 28, 2013 amended motion. Similarly, in the Court's letter to the Defendant's counsel, the Court directed the Defendant's counsel to notify the Court on or before April 21, 2014 as to whether he intended to supplement his February 11, 2014 response.

On April 17, 2014, the Defendant's counsel filed a letter reiterating his position that the Defendant should be granted the relief sought in the February 17, 2012 and October 28, 2013 motions. On April 19, 2014, the Government submitted a letter stating that it did not oppose including the psychological reports from Dr. Kruegor and Dr. Martinez as part of the Defendant's presentence report, but requested that Dr. DeSantis's report be included as well. The Government asserted that the Defendant's remaining claims were without merit and, therefore, should be denied.

## II. DISCUSSION

The Defendant, pro se, has brought his motions pursuant to Fed. R. Crim P. 32 and 36. "Rule 32 provides that a defendant may bring objections to his [presentence investigation report], but he is limited to bringing these objections within fourteen days of receiving the [presentence

5

investigation report]." United States v. Robinson, 357 F. Supp. 2d 523, 523 (N.D.N.Y. 2005) (citing Fed. R. Crim. P. 32). The Court must then "rule on any disputed portion of the presentence report prior to sentencing and "cannot hear any challenges to the [presentence report]" after "the sentence is imposed." Id. at 523–24 (citing United States v. Warner, 23 F.3d 287, 290 (10th Cir.1994) cert. denied, 516 U.S. 1152, 116 S. Ct. 1030, 134 L. Ed. 2d 108 (1996)). As such, generally, "a district court lacks subject matter jurisdiction over challenges to the [presentence report] once the sentence has been imposed." Id. at 524 (citing Warner, 23 F.3d at 290–91); see also United States v. Hippolyte, 3:10CR148 EBB, 2011 WL 4498960, at *3 (D. Conn. Sept. 23, 2011) ("Rule 32, which pertains to presentence reports, does not, standing alone, give a district court jurisdiction to correct inaccuracies in a [presentence report] after a defendant has been sentenced.").

As for Fed. R. Crim. P. 36, it states as follows: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." See Urena v. United States, 99 CR. 0073 JFK, 2010 WL 4823593, at *4 (S.D.N.Y. Nov. 29, 2010). "A clerical error is minor or uncontroversial, an error of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature, amounting to little more than substituting a right number for a wrong number." Urena, 2010 WL 4823593, at *4 (quoting United States v. Burd, 86 F.3d 285, 288 (2d Cir.1996); United States v. Werber, 51 F.3d 342, 347 (2d Cir.1995)) (internal quotations marks and brackets omitted).

In the Court's view, although the Defendant's motions are, in part, unopposed by the Government, neither Fed. R. Crim. P. 32 nor Fed. R. Crim. P. 36 is an appropriate vehicle for granting the relief of which the Defendant seeks. First, as indicated above, the Court does not

6

have jurisdiction to grant the Defendant's motion pursuant to Fed. R. Crim. P. 32, because that Rule only "provides a means for addressing inaccuracies prior to sentencing [and] does not provide for a means of correcting the [presentence report]" or "standing alone, give a district court jurisdiction to correct inaccuracies in a[PSR] report after a defendant has been sentenced." United States v. Sanford, 07-CR-401 JS, 2014 WL 2208172, at *1 (E.D.N.Y. May 28, 2014) (quoting United States v. Jones, 869 F. Supp. 2d 373, 375–76 (E.D.N.Y. 2012)); see also Robinson, 357 F. Supp. 2d at 524.

Similarly, Fed. R. Crim. P. 36 is designed for correcting clerical errors, but there is no evidence before the Court that the documents that the Defendant seeks to add to the presentence report were omitted from the presentence report due to an inadvertent clerical error. Indeed, it is possible that the United States Probation Department had another reason for not including these documents. Moreover, these documents would substantively alter the nature of the presentence report so that it rises above just "substituting a right number for a wrong number." Urena, 2010 WL 4823593, at *4 (quoting Burd, 86 F.3d at 288); see also United States v. McMahon, 07 CR 566-08 GBD, 2013 WL 2896959, at *1 (S.D.N.Y. June 12, 2013) ("Rule 36 allows courts to correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission. It does not permit a district court to correct errors of law, judgment, or even misidentification. It only permits courts to correct minor, clerical errors, defined as those of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.") (citations and internal quotation marks omitted). In any event, the Court notes that the presentence report does include the relevant portions of the reports of Dr. Krueger, Dr. Martinez and Dr. DeSantis.

Thus, in accordance with Fed. R. Crim. P. 32, the appropriate time for the Defendant to have challenged the content of the presentence report was within fourteen days of its issuance. As that time has long since passed, the Court denies the Defendant's motions in their entirety.

### III. CONCLUSION

For the foregoing reasons, the Defendants' motions to amend the presentence report pursuant to Fed. R. Crim. P. 32 and 36 is denied in its entirety.

**SO ORDERED.**
Dated: Central Islip, New York
June 9, 2014

            ____*/s/ Arthur D. Spatt*____
             ARTHUR D. SPATT
            United States District Judge